UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUXOTTICA GROUP SpA, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:19-CV-01832-X |
| AMZ BUCKNER CORP d/b/a BUCKNER TIGER MART #76, and AKRAM YOUSEF ALZOUBI, | § § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Defendants Akram Yousef Alzoubi and his company, AMZ Buckner Corp. (AMZ Buckner), seek relief from an entry of default [Doc. No. 16]. This motion is fully briefed. Plaintiff Luxottica Group SpA (Luxottica) then moved for final judgment [Doc. No. 18]. That motion is not briefed. For the following reasons, the Court **GRANTS** the defendant's motion to set aside the entry of default and **DISMISSES AS MOOT** Luxottica's motion to enter final judgment.

I.

Alzoubi and AMZ Buckner, doing business as Buckner Tiger Mart #76 (Tiger Mart), allegedly sold knock-off Ray-Ban sunglasses. Luxottica (which owns the Ray-Ban brand) sued the defendants on July 31, 2019 for trademark infringement, false designation, dilution, and counterfeiting under federal law, and for trademark infringement, unfair competition, dilution, and unjust enrichment under Texas law. The defendants were served on August 5, 2019 and were required to answer or

1

otherwise respond to the complaint by August 26. The defendants contacted and hired an attorney on August 23.

On September 3, Alzoubi "was surprised"[1] to receive a notice from the Court containing Luxottica's request for an entry of default. As it turns out, the defendants' attorney did not answer or respond to Luxottica's complaint by August 26. And on August 29, Luxottica asked the Clerk to enter a default. The Clerk did on August 30.

The defendants filed an answer on September 16. They terminated their attorney two days later and hired their current counsel later that same day. On September 20, they moved for relief from the entry of default judgment. This motion is ripe for the Court's review.

## II.

Federal Rule of Civil Procedure 55(c) permits the Court to "set aside an entry of default for good cause[.]"[2] To find good cause, courts in the Fifth Circuit "consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"[3] The Fifth Circuit says these three factors are "not talismanic" and should be treated in the disjunctive.[4] Because they are not exclusive factors, the Fifth Circuit also looks

---

[1] Defendants' Motion for Relief from Default Judgment, Exhibit A (Declaration of Akram Yousef Alzoubi) ¶ 5 [Doc. No. 16-1].

[2] FED. R. CIV. P. 55(c).

[3] *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

[4] *Matter of Dierschke*, 975 F.2d 181, 183–84 (5th Cir. 1992) ("We perceive a variance among our circuit colleagues as to whether the court must consider and note its disposition of all three factors on the record. Decisions of three circuits may be read to require such consideration by the trial court.

2

to other factors, including whether "the defendant acted expeditiously to correct the default."[5] Regardless of what factors the Court considers, what is "imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."[6]

Willful neglect is a threshold finding: "when the court finds an intentional failure of responsive pleadings there need be no other finding."[7] The "willfulness factor is reviewed under the 'excusable neglect' standard of Federal Rule of Civil Procedure 60(b)."[8] "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time."[9] It "encompasses 'late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith[.]'"[10]

---

Others have treated the factors in the disjunctive. We find the latter course more persuasive." (internal citations omitted)).

[5] *Id.* at 184.

[6] *Id.*

[7] *Id.*

[8] *Reyelts v. Cross*, 2013 WL 4874090, at *1 (N.D. Tex. Apr. 23, 2013) (citing *CJC Holdings, Inc v. Wright & Lato, Inc.*, 979 F.2d 60, 62 (5th Cir. 1992)). *See CJC Holdings, Inc.,* 979 F.2d at 64 ("We suggest that district courts should use the less subjective excusable neglect standard in the future [when determining whether a party's conduct is willful]."). *See also, e.g.*, *Heeling Sports Ltd. v. Paskey*, 2008 WL 4566479, at *1 (N.D. Tex. Oct. 10, 2008) ("First, in determining whether a default is willful, the court considers whether there has been excusable neglect.").

[9] *Mattress Giant Corp. v. Motor Advert. & Design, Inc.*, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedures*, § 1165, at 533–34 (3d ed. 2002)).

[10] *Id.* (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

"Defaults are 'generally disfavored.'"[11]  And unless "it appears that no injustice results from the default, relief should be granted."[12]  Furthermore, although "a motion to set aside a default decree under Fed. R. Civ. P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed. R. Civ. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect."[13]  Informed "by equitable principles,"[14] the Court applies this legal standard in reviewing the motion to set aside the entry of default.

### III.

The Court finds that after weighing the relevant factors there is good cause to set aside the default under Rule 55(c).

First, the Court finds that the defendants' failure to respond to the complaint was not willful.  Specifically, the Court finds that the defendants' failure to respond to the complaint was the result of excusable neglect.  Alzoubi, President and Director of AMZ Buckner, states in his declaration that he hired his first attorney on August 23, 2019 "to represent my company and me" and that Alzoubi "believed that he would protect our interests and file the necessary papers to avoid a default."[15]  In only two sentences, Luxottica concludes that the defendants' assertion of excusable neglect is

---

[11] *Koerner*, 910 F.3d at 225 (quoting *Mason & Hanger-Silas-Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 725 F.2d 166, 168 (5th Cir. 1984)).

[12] *Id.* (quoting *In re OCA, Inc.*, 551 F.3d 359, 370–71 (5th Cir. 2008)).

[13] *United States v. One Parcel of Real Prop*, 763 F.2d 181, 183 (5th Cir. 1985) (citation omitted).

[14] *Matter of Dierschke*, 975 F.2d at 184.

[15] Declaration of Akram Yousef Alzoubi ¶ 4.  Additionally, Alzoubi filed a copy of the email he sent to his first attorney regarding the case as well as a photocopy of the $1,500.00 retainer check he issued to his first attorney.  *See generally* Defendants' Motion for Relief from Default Judgment, Exhibit A-1 (email); *id.*, Exhibit A-2 (check).

"suspect" because Alzoubi did not consult with his first attorney until three days before the defendants' answer was due.[16] Although the Court generally discourages procrastination, the Court does not find the defendants' timeline fundamentally inexcusable. The Court finds that the defendants' first attorney's failure to respond to the complaint is at most, the result of the defendants' excusable neglect.

Second, the Court agrees with the defendants that Luxottica will not be prejudiced by the Court setting aside the default. The defendants argue—while quoting the Fifth Circuit—that Luxottica bears the burden of showing that the defendants' delay in responding to the complaint would have resulted in "'the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'"[17] In its response, Luxottica does not address these arguments or make this required showing. And so, the Court agrees with the defendants that Luxottica will not be prejudiced by the Court setting aside the default.[18]

Third, the Court finds that the defendants adequately presented a meritorious defense.[19] Among several other proposed arguments, the defendants intend to argue that they "do not engage in the business of selling counterfeit Ray-Ban sunglasses."[20]

---

[16] Plaintiff's Response to Defendants' Motion for Relief from Default Judgment, at 2 [Doc. No. 17].

[17] *Lacy v. SitelCorp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)).

[18] *See id.* (stating that there "is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case'").

[19] And even if the defendants did not, the Court is not required to consider this factor. *J&J Sports Prods., Inc. v. Moso Ventures, Inc.,* 2012 WL 3846536, at *2 (N.D. Tex. Aug. 10, 2012) ("The district court need not consider all of these factors. Moreover, the Fifth Circuit Court of Appeals has stated that factors are not 'talismanic,' and other factors may be considered." (citations omitted)).

[20] Defendants' Motion for Relief from Default Judgment ¶ 16.

It is not the Court's place to say at this stage that this argument has been proven and *is* meritorious.[21] But it is the Court's place to say at this stage that this argument, *if proven*, would be meritorious. In other words: if the argument could be proven, then the defense would be successful.[22] But whether it *can* be proven is a question the Court prefers to address in dispositive motions or in a jury trial,[23] not in pre-discovery motions that happen to be before the Court because the defaulting parties' attorney missed an answer deadline and despite that the defaulting parties sought to diligently correct their attorney's mistake.

Fourth, and finally, the Court finds that the defendants acted diligently to correct the default.[24] In his declaration, Alzoubi says: "On September 3, 2019, I was surprised to receive a notice from the Court enclosing Plaintiff's request for entry of default for the failure to reply to the Court on time."[25] He then adds that his first

---

[21] *J&J Sports Prods., Inc.*, 2012 WL 3846536, at *2 ("The standard for showing a meritorious defense is not stringent because the likelihood of success is not the measure for the 'absence of meritorious defense' criterion. A defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." (citations omitted)). This is a very low hurdle which the defendants aren't even required to clear.

[22] *See, e.g., iLife Techs., Inc. v. ActiveCare, Inc.*, 2013 WL 1943322, at *2 (N.D. Tex. May 10, 2013) (finding that one of the defendants "asserted defenses which, if proven, would affect the outcome of litigation in its favor" and that "[m]ore is not necessary to establish good cause" (citing *Azzopardi v. Ocean Drilling & Expl. Co.*, 742 F.2d 890, 895 (5th Cir. 1984))). These defenses may even "provide little detail[.]" *See id.*, 2013 WL 1943322, at *2.

[23] *See Matter of Dierschke*, 975 F.2d at 184 ("At the outset it is important, however, to recall that courts "universally favor trial on the merits" and that the decision to set aside a default is committed to the sound discretion of the trial court, a discretion that obviously is not unlimited." (internal citations omitted)).

[24] *See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) ("Other factors may be considered, such as whether the party acted expeditiously to correct the default." (citing *Matter of Dierschke*, 975 F.2d at 184)).

[25] Declaration of Akram Yousef Alzoubi ¶ 5.

6

attorney "filed an answer on September 16, 2019."[26] Two days later, the defendants' fired their attorney and retained their current counsel-of-record. In response, Luxottica does not refute Alzoubi's account of the timeline or address this factor at all. And so the Court finds that the factor of diligent correction weighs in the defendants' favor.

IV.

As the Fifth Circuit has reminded the lower courts, the Rules of Civil Procedure "are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[27] This situation is not extreme. These circumstances warrant a finding of good cause to set aside the entry of default.[28] Therefore, the Court **GRANTS** the defendant's motion to set aside the entry of default and **DISMISSES AS MOOT** Luxottica's motion to enter final judgment.

**IT IS SO ORDERED** this 5th of May 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[26] *Id.*

[27] *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[28] *Matter of Dierschke*, 975 F.2d at 184 ("Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. That decision necessarily is informed by equitable principles.") (citation omitted)).